Dear Mr. Baas:
This office is in receipt of your inquiry concerning the legality of your holding a position of employment with the Monroe Alcohol and Drug Abuse Clinic as a social services counselor, while serving as a member of the Governor's Commission on Alcohol and Drug Abuse.
There is no prohibition against the holding of local employment and state appointive office as long as both positions are not considered full-time as defined in LSA-R.S. 42:62(4):
§ 62. Definitions.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
Our only other concern would be the possibility of the incompatibility of these offices as considered in LSA-R.S. 42:64, which we quote in its entirety for your perusal:
§ 64. Incompatible offices.
 A. In addition to the prohibitions otherwise provided in this part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
 (2) The incumbent of one office, whether or not in conjunction with fellow officers, or employment receives the oath and/or bond of the incumbent of the other.
 (3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other officer or employment.
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
 (B) A joint commission that has as its function the operation and maintenance of a causeway and its related roadways, created by two or more parishes, shall not appoint a member of the governing authority of any of the parishes or an employee thereof to the joint commission. No member of a parish governing authority or employee thereof shall serve as a member of a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, created by the parish by agreement with one or more other parishes.
 C. No other combination of offices or employments shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
Since we are presently unaware of any problem in this regard, we advise that you may hold both positions concurrently.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: December 8, 1997
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL